759 S.E.2d 714

Ex Parte Tara Dawn SHURLING, Attorney, Appellant,

In re State of South Carolina, Respondent,

v.

Anthony Hackshaw, Defendant.

Appellate Case No. 2012–208848.

No. 27375.

Supreme Court of South Carolina.

Heard Feb. 6, 2014.

Decided April 9, 2014.

Tara Dawn Shurling, of Columbia, for Appellant.

James Hugh Ryan, III, of South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

Justice KITTREDGE.

This case involves the payment of attorney's fees and expenses to attorneys, Appellant Tara Dawn Shurling and co-counsel, who were court-appointed to represent an indigent charged with multiple criminal offenses. The trial court determined that the initial funding order precludes an award for the fees and expenses sought by appointed counsel, which total $46,388.66. We affirm.

## I.

Shurling was appointed to represent an indigent defendant in a criminal prosecution for murder, assault with intent to kill, criminal conspiracy, possession of a weapon during a violent crime, and possession of marijuana. Shurling sought approval for her fees and expenses to exceed the statutory caps provided by the South Carolina Indigent Defense Act.[1] Judge Childs, then the Chief Administrative Judge for the Richland County Court of General Sessions, signed two orders, one addressing attorney's fees and the other addressing expenses. In the first order, Judge Childs found it was "reasonable and proper" to award attorney's fees in excess of the statutory limits. Thus, Judge Childs awarded Shurling fees at the rate of $100 per hour and also authorized fees up to

---

1. S.C.Code Ann. §§ 17–3–5 to –600 (2014). Section 17–3–50(A) of the South Carolina Code provides that private appointed counsel are to "be paid a reasonable fee to be determined on the basis of forty dollars an hour for time spent out of court and sixty dollars an hour for time spent in court." S.C.Code Ann. § 17–3–50(A) (2014). The total attorney's fees may not exceed $3,500. *Id.* Attorneys are authorized to seek up to five hundred dollars for expenses "[u]pon a finding in ex parte proceedings that investigative, expert, or other services are reasonably necessary for the representation of the defendant." *Id.* § 17–3–50(B). Section 17–3–50(C) provides that payment in excess of these limits is "authorized *only if* the court certifies, in a written order with specific findings of fact, that payment in excess of the rates is necessary." *Id.* § 17–3–50(C) (emphasis added).

$15,000.00 "without further advance approval of [the] Court." [2] In the second order, Judge Childs addressed expenses and authorized up to $2,500 "without prior authorization from [the] court." (emphasis omitted). Specifically, Judge Childs' order allowed $1,000 for witness fees, mileage, and subpoena service and $1,500 for all other expenses ("general expenses"). [3]

After the conclusion of the trial, which lasted a week, Shurling requested a total of $44,426.00 in fees and $1,962.66 in general expenses. [4] Circuit Judge James R. Barber, III held two hearings to address these vouchers and ordered that Shurling and Thompson be paid fees and expenses subject to the preapproved limits set by Judge Childs. Shurling appealed, and this Court certified the appeal pursuant to Rule 204(b), SCACR.

## II.

Shurling raises a number of issues on appeal, which we have distilled down to two dispositive issues: (1) whether Shurling is entitled to attorney's fees in excess of the preapproved amount of $15,000; and (2) whether Shurling is entitled to reimbursement for general expenses in excess of the preapproved amount of $1,500. [5]

Shurling claims that the trial court abused its discretion by limiting her fees to the preapproved amount of $15,000 based on Judge Childs' order. We disagree. Judge Childs' order, which is controlling in this case, provides that Shurling "may submit for approval by the [c]ourt a voucher for payment [of] fees up to $15,000.00 without *further advance approval.*"

2. Judge Childs also authorized the appointment of Shurling's associate, Jeremy A. Thompson. Thompson was allotted $40 per hour for out-of-court work and $60 per hour for in-court time.

3. Judge Childs was subsequently nominated and confirmed as a United States District Court judge.

4. Shurling submitted a fee voucher for $33,020.00 and Thompson submitted a fee voucher for $11,406.00.

5. Shurling raises additional challenges to the trial court's order, which we find are unpreserved or manifestly without merit. Accordingly, those additional challenges are affirmed pursuant to Rule 220(b)(1), SCACR.

(emphasis added). It is uncontested that Shurling submitted a bill for attorney's fees in excess of $15,000, yet she never sought further advance approval to exceed the preapproved amount of $15,000. Because Judge Childs' order is unambiguous in its requirement that further preapproval was necessary to incur fees in excess of $15,000, we find no abuse of discretion and affirm the trial court's award of attorney's fees.[6]

Similarly, Shurling claims that the trial court abused its discretion in declining to authorize the payment of more than $1,500 in general expenses. Judge Childs' order specifically noted that general expenses were not to exceed the amounts set forth in her order absent further prior authorization from the court. Again, there was no request seeking advance approval for expenses in excess of the amounts preapproved by Judge Childs. Thus, we affirm the trial court's award of $1,500 in general expenses.

### III.

We are cognizant of the fact that Shurling and co-counsel expended considerable time in the underlying criminal trial, and we commend them for their laudable service to the profession. Shurling epitomizes the professionalism of our Bar members who serve the much needed role of providing legal counsel to those who cannot afford it. Indeed, our honored profession is committed to providing access to justice for all. Nowhere is this more evident than where members of the legal profession represent indigent criminal defendants. In this case, however, in light of the unambiguous language of Judge Childs' orders and the failure to seek further advance approval to incur attorney's fees in excess of $15,000 and general expenses in excess of $1,500, we are constrained to affirm.

**AFFIRMED.**

TOAL, C.J., PLEICONES, BEATTY, JJ., and Acting Justice JAMES E. MOORE, concur.

---

6. Shurling urges this Court to construe the Indigent Defense Act to allow court-appointed attorneys to submit bills in excess of the statutory caps at the end of their representation without prior court approval. Because the clear language of Judge Childs' initial funding order is controlling in this case, we do not reach Shurling's statutory construction argument.